[Crim. No. 5049.    Second Dist., Div. Three.    Nov. 17, 1953.]

THE PEOPLE, Respondent, v. D. C. DRAGOO, Appellant.

Louis Warren for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant appeals from a judgment of conviction of unlawfully furnishing and giving away marijuana in violation of section 11713 of the Health and Safety Code and from the order denying his motion for a new trial. He contends the evidence is insufficient to support the judgment. The contention is without merit.

In the early evening of September 22, 1952, Police Officer Ellena, incognito, seated himself at the bar in a saloon in Pasadena where defendant was employed as a bartender. Defendant had known Ellena about six months. Officer Newland was seated two seats away. Ellena asked defendant to sell him a "joint." Defendant replied, "Sell, hell, I will give you one—never say I didn't give you anything." Defendant then reached in his pocket, pulled out a "brown paper cigarette" and handed it to Ellena. The foregoing was testified to by Ellena. Officer Newland testified he saw defendant reach in his pocket and hand Ellena the cigarette. The ciga-

rette contained marijuana. Defendant denied possession of marijuana and denied giving the cigarette to Ellena.

■ Defendant argues that he and Ellena had had trouble; that Ellena was biased and prejudiced against him; that the evidence is so improbable and false as to be incredible. These were matters for consideration of the trial court and not for this court. ■ "A reviewing court will not hold unsupported the trial court's finding of guilt merely because it might reasonably draw different inferences from those the trial court reasonably drew, or might not be convinced beyond a reasonable doubt of the guilt of the defendant. (*People* v. *Kerr*, 37 Cal.2d 11, 15 [229 P.2d 777] ; *People* v. *Tollack*, 105 Cal.App.2d 169, 172 [233 P.2d 121].) It is the trier of the fact which must be persuaded beyond a reasonable doubt of the guilt of the defendant. (*People* v. *Smith*, 35 Cal. App.2d 73, 76 [94 P.2d 633].) ■ A reviewing court cannot reject testimony of a witness that has been believed by the trier of the fact unless it is a physical impossibility that it be true, or its falsity is apparent without resorting to inferences or deductions. (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758].) ■ In order to say that testimony is inherently improbable it must appear that what was related or described could not have occurred. (*People* v. *Klinkenberg*, 90 Cal.App.2d 608, 627 [204 P.2d 47, 613] ; *People* v. *Thomas*, 103 Cal.App.2d 669, 672 [229 P.2d 836].) Testimony which merely discloses unusual circumstances is not inherently improbable. (*Kidroski* v. *Anderson*, 39 Cal.App.2d 602, 605 [103 P.2d 1000].) Testimony which is subject to justifiable suspicion does not justify reversal of a judgment. (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758].) . . . ■ The trier of fact may believe and accept a portion of the testimony of a witness, and disbelieve the remainder or have a reasonable doubt as to its effect. ■ On appeal that portion which supports the judgment must be accepted, not that portion which would defeat, or tend to defeat, the judgment. (*People* v. *Thomas*, 103 Cal.App.2d 669, 672 [229 P.2d 836].) ■ Unless it clearly appears that upon no hypothesis whatever is there sufficient substantial evidence to support a finding of the trier of fact, it cannot be set aside on appeal. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) ■ Our function is to determine whether the evidence, if believed, is of sufficient character to justify conviction." (*People* v. *Whitehurst*, 112 Cal.App.2d 140, 143-144 [245 P.2d 509].)

Defendant also contends that because he was acquitted of two other counts of furnishing and giving away marijuana to Ellena which were predicated on the testimony of Ellena, the judgment of conviction is inconsistent with the judgment of acquittal. He argues that since the trial judge acquitted him on the other counts, he necessarily disbelieved the testimony of Ellena with respect to those charges; and that having disbelieved him with respect thereto, he could not reasonably believe his testimony with respect to the offense of which he was convicted. If the judgments are in fact inconsistent, that fact does not entitle defendant to a reversal. (Pen. Code, § 954; *People* v. *Greer*, 30 Cal.2d 589, 599 [184 P.2d 512]; *People* v. *Whitehurst*, 112 Cal.App.2d 140, 144-145 [245 P.2d 509].)

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.