[Crim. No. 6371.   Second Dist., Div. One.   July 24, 1959.]

THE PEOPLE, Respondent, v. JOE COLLINS et al.,
Defendants; BEVERLY FIELDS, Appellant.

Beverly Fields, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

WHITE, P. J.—An information was filed by the district attorney of Los Angeles County wherein defendants were charged with the crime of petty theft with a prior conviction of felonies (Pen. Code, § 667), in that they did steal tires of the value of $71.36, belonging to Reed R. Dowell. As to defendant Fields the prior conviction charged against him was for the crime of burglary. Represented by the public defender, defendant Fields pleaded not guilty and duly waived trial by a jury. Pursuant to stipulation the cause was submitted on a transcript of the testimony adduced at the preliminary examination, with all stipulations entered into at said hearing deemed entered into for the purposes of the trial. When the cause was called for trial private counsel was substituted in place of the public defender, as attorney for defendant Fields. The latter was adjudged guilty and sentenced to state prison. From the judgment of conviction, defendant Fields prosecutes this appeal.

We consider the following a fair epitome of the evidentiary features of this prosecution.

William Edward Tucker, stipulated to be an expert in the reading and rolling of fingerprints, was shown a certificate of commitment for defendant Fields, which was marked Exhibit 2, and a fingerprint exemplar for the same defendant, marked Exhibit 3. The witness testified he had made a comparison between the aforesaid exhibits, and that in his opinion, "The rolled impressions on People's Exhibit 2 and the rolled impressions in People's Exhibit 3, are made by one and the same fingers, those of Beverly Fields, Junior, in this case." Defendant Fields admitted that he had suffered the prior conviction alleged in the information.

Reed R. Dowell testified that he operated a filling station, garage and frame business at 3555 West Slauson. On February 18, 1958, he saw both defendants near his place of business. He was making a phone call when he heard tires "going around the corner." He ran out and saw an automobile at the curb, and defendant Collins jumping in the car.

Dowell saw defendant Fields in the car. He got within 8 feet of the vehicle and it drove off. He took down the license number of the car, which was HFS 136. This all occurred around 12 noon.

Mr. Dowell had placed tires outside of his station between 7 and 7:30 a. m. on that date, and had passed them four or five times during the morning and saw nothing unusual. After the automobile left the curb, he checked and found two tires worth $71 and some odd cents missing. These tires were United States Royal Safety 8 Nylon, 850 by 14, four-ply tires.

Parker C. Kenner was a service station manager at 2000 West Adams, at Western Avenue. On February 18th the defendants drove into this station at 1 p. m. Defendant Collins tried to borrow some money from Kenner. Kenner refused, and Collins said that he could hold certain tires until Friday, and that if he mounted the tires and balanced the wheels Collins would pay him a bonus. Kenner gave Collins $30. These tires were United States Royal, white sidewall, nylon cord, sizes 850 by 14.

Harold C. Brasher, a police officer, received a call from the detective bureau that the owner of a vehicle that was listed in a crime report had stated the vehicle was not in his possession on February 18th, but that a friend of his, who lived at 1121 East 68th Street, had used the car on that date. He drove out to that address. He was met there by defendant Collins, who stated that he had had the car the day before.

On February 19th, between 11 and 11:30 a. m., the officers had a conversation with defendant Fields. He denied having been in the car on the 18th. He denied having seen defendant Collins on the 18th, and denied any knowledge of the tires taken from 3555 West Slauson.

Sworn as a witness in his own behalf, defendant Fields testified that on February 18, 1958, he was leaving his home on his way to a store when his codefendant passed by in an automobile, stopped and offered defendant Fields a "lift." The latter accepted and entered the automobile. That enroute, defendant Collins told the witness "he was going to make a little run and then he would, you know, drop me off at the store." That defendant Collins stopped at a filling station, "in the Crenshaw vicinity" and got out of the automobile, "and the next thing I know, well he comes—he jumped in the car, and a man was hollering at him. I presume it was the station man. So then I felt that there was something going on, you know, that was wrong, you know. And so I wanted

to get out of the car. He left then. And I wanted to get out of the car, but he wouldn't—wouldn't stop. So when he did stop at this other station—he went to another filling station, and that's when I relieved, you know, left." Defendant Fields testified he did not tell the arresting officers this story and denied to them that he had seen his codefendant on February 18th, because he "was afraid of—of being implicated in something, you know . . . I was confused. I didn't know what to tell so I just told them I didn't know anything about it." On cross-examination defendant Fields was asked:

"Q. But he wouldn't let you get out, is that right?

"A. Well, no, he wouldn't stop.

"Q. Are there any stop signals between that service station and the second service station where you stopped?

"A. Yes.

"Q. Did you make any attempt to get out any time the car stopped?

"A. No."

As grounds for reversal of the judgment appellant first contends that, "The weight is on the Prosecution to prove the defendant's guilt, and not for the defendant to prove his innocence." With this statement we agree, but from a perusal of the record herein and for reasons hereinafter to appear, we are satisfied that the burden imposed upon the prosecution was met with ample evidence.

As to appellant's claim that the prosecution failed to prove that he had knowledge of, "or took part in the crime," the evidence fully warrants a conclusion by the trial judge that the stolen tires were in the joint possession of appellant and his codefendant, and that the former aided and abetted in the asportation of the stolen property. As to appellant's contention that no intent to steal was shown on his part, it is sufficient to say that proof of intent may consist of reasonable inferences drawn from affirmatively established facts. In the case at bar there was sufficient substantial evidence of appellant's conduct from which the court could reasonably draw an inference of his wilful participation in the offense charged against him. Appellant contends that from where he was seated in the automobile, he was in no position to see or know that a crime was being committed. This, however, presented a question of fact to be determined by the trial judge, who stated, "Well, frankly I think the defendant is lying, Mr. Canady (appellant's counsel), just plain ordinary lying. I have observed his

demeanor on the stand, and he has the demeanor of a man who is not trying to tell the truth."

As to appellant's claim that the evidence is insufficient to support the adjudication of guilt, we are satisfied that the contention cannot be sustained. We shall not here repeat the testimony which we have herein narrated. ■ Suffice it to say that the reviewing tribunal does not weigh the evidence for or against the accused. It decides only whether it can reasonably be held that sufficient substantial facts could not have been inferred from the evidence introduced to warrant the inference of guilt (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]). ■ Neither is the appellate court bound to exculpate one who tells what might be considered a plausible story in explanation of the charge and the evidence against him (*People* v. *Shellenberger,* 25 Cal. App.2d 402, 406 [77 P.2d 506]; *People* v. *Von Benson,* 38 Cal.App.2d 431, 434 [101 P.2d 527]). We are unable to say that the trial judge was bound to believe appellant's testimony as against the incriminating established facts.

■ Appellant complains of alleged errors in the admission of evidence. He asserts that the question, asked of Mr. Dowell, the filling station operator by the prosecutor, "When you saw these two persons taking the tires past where you were standing, did you run after them? Is that correct?", called for a conclusion of the witness. While the question may assume facts not in evidence, it certainly does not call for a conclusion of the witness, but merely asks him to state whether he did or did not pursue the persons in question. Any defect was waived by failure to object to the question (*People* v. *Willis,* 30 Cal.App.2d 419, 421 [86 P.2d 670]). ■ Neither was any objection urged to the conversation between Mr. Kenner, the operator of the second filling station at which a stop was made, and appellant's codefendant Collins. However, the conversation did not concern appellant and he was not prejudiced thereby.

■ Appellant's complaint as to the statements of a police officer concerning information he received relative to the automobile here in question is answered by the record which reveals that this conversation was received only as to defendant Collins.

■ Appellant voices objection to certain statements of the trial judge, but a reference to the record shows that the court sought only to clarify certain testimony given by the officers by making it clear that it was the codefendant Collins,

and not appellant, who made the statements. Since this benefitted appellant, manifestly there was no prejudicial error committed.

Appellant contends that certain testimony given by Officer Brasher ''relating the facts leading up to the arrest of the defendants,'' was hearsay. This evidence was admitted for the sole purpose of establishing probable cause for the arrests, and therefore, was admissible (*People* v. *King,* 140 Cal.App.2d 1, 5, 6 [294 P.2d 972]).

Appellant next calls our attention to certain claimed conflicts between the testimony of various witnesses, and inconsistencies in the testimony of certain witnesses. This contention is unavailing because the rule is fundamental that the credibility of a witness is committed to the duly authorized arbiter of the facts. Hence, conflicts and inconsistencies in the testimony of a witness are to be resolved by the fact finding authority (*People* v. *Frankfort,* 114 Cal.App.2d 680, 700 [251 P.2d 401]; *People* v. *White,* 115 Cal.App.2d 828, 831 [253 P.2d 108]; *People* v. *Ashley,* 42 Cal.2d 246, 266 [267 P.2d 271]).

Appellant asserts that his constitutional rights were abridged in certain instances. His contention that the use of his prior conviction in the instant proceeding placed him in double jeopardy and offended constitutional guarantees, is without merit. Section 667 of the Penal Code is not unconstitutional (*People* v. *Biggs,* 9 Cal.2d 508, 512 [71 P.2d 214, 116 A.L.R. 205]; *People* v. *Dutton,* 9 Cal.2d 505, 507 [71 P.2d 218]; *People* v. *Quiel,* 68 Cal.App.2d 674, 680 [157 P.2d 446]; *People* v. *Stanley,* 47 Cal. 113, 116 [17 Am.Rep. 401]). Equally without merit is appellant's contention that a confession of Collins was admitted as to him before the corpus delicti was established. The record clearly shows that the admissions of the codefendant Collins were admitted only as to him and were not binding on appellant. The same answer is applicable to appellant's claim that the confession of Collins was not voluntary. The fact that appellant was accused by an information rather than an indictment furnishes no ground for appeal (*Hurtado* v. *California,* 110 U.S. 516, 538 [4 S.Ct. 111, 292, 28 L.Ed. 232]).

Appellant complains concerning inadequate representation by counsel (Constitution of the United States, 6th Amendment). He was represented by the public defender at the preliminary examination, and at the trial, by counsel of his own choosing, the latter of whom conducted appellant's

defense in a competent manner. And, having selected his own attorney, appellant cannot be heard to now challenge the former's ability (*People* v. *Stevens,* 5 Cal.2d 92, 98, 99 [53 P.2d 133]).

Appellant's claim that he was arrested without a warrant cannot now be considered because the record is silent as to whether the arresting officer was fortified with a warrant. In the absence of evidence to the contrary, it will be presumed that official duty was regularly performed (Code Civ. Proc., § 1963, subds. 1, 15, 33; *People* v. *Farrara,* 46 Cal. 2d 265, 269 [294 P.2d 21]). Furthermore, no evidence was obtained as a result of the arrest of appellant.

Appellant contends that he now is in possession of new evidence consisting of a letter from his codefendant Collins, which he has attached to his brief. This evidence was not before the trial court, is therefore outside the record on appeal, and may not be considered (*People* v. *Justice,* 167 Cal.App.2d 616, 622 [334 P.2d 1031]; *People* v. *Hernandez,* 150 Cal.App.2d 398, 400, 402 [309 P.2d 969]; *People* v. *McKinney* 152 Cal.App.2d 332, 335 [313 P.2d 163]; *People* v. *Gormley,* 64 Cal.App.2d 336, 338 [148 P.2d 687].)

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.