[Crim. No. 6851.   Second Dist., Div. Three.   May 17, 1960.]

THE PEOPLE, Respondent, v. LOUIS C. CASADO et al., Defendants; EDWARD F. MURGUIA, Appellant.

*Assigned by Chairman of Judicial Council.

Wellington Y. Kwan for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

VALLÉE, J.—By indictment Casado and Murguia were charged jointly with selling heroin. A jury found them guilty as charged. Murguia, who will be referred to as defendant, appeals from the judgment sentencing him to state prison.

About 8:30 a.m. on October 31, 1958, Officer Villalba of the Los Angeles Police Department, working under cover, saw defendant at 942 South Indiana Street in Los Angeles. Defendant approached Villalba and asked him if he was "trying to score." "Score" means to buy narcotics. Villalba said he was, and asked defendant if he had some good "stuff." Defendant said he had some "real good stuff." Villalba told defendant he wanted half a gram. Defendant told Villalba to go with him. They went into the Department of Employment. Defendant approached Casado, and Villalba went to a bul-

letin board and stood there. Defendant and Casado talked together. In about two minutes defendant motioned Villalba to go into the restroom, which he did. Casado followed. Villalba started to hand defendant a $10 bill and Casado said, "Give me the money." Villalba gave Casado the $10 bill and defendant handed him (Villalba) five capsules of heroin and said, "Give me a dollar." Villalba said, "I already gave him $10." Casado said, "This stuff is real good. It's worth $11." Villalba then gave defendant a dollar.

Defendant testified that on October 29, 1958 he was picked up by the police, booked, and processed for an alleged burglary. To the best of his knowledge he was in Los Angeles Hollenbeck Precinct jail between 8:30 and 8:45 a.m. on October 31, 1958. He had seen Casado around but he did not know him personally. He did not see Casado in the morning of October 31, 1958. At no time on that day was he in the Department of Employment, nor did he engage in the sale of narcotics with anyone. He was released from Hollenbeck jail in the afternoon or evening of October 31, 1958.

In rebuttal, Officer Cunningham of the Los Angeles Police Department testified that records showing the time of arrest and release of all prisoners taken into custody in all stations of the Los Angeles Police Department are kept at the Lincoln Heights jail. The records are kept in the regular course of business. Entries are made about the times of events to which they relate. He was not custodian of the records at Lincoln Heights jail. He did not have anything to do with the entry, recording, or filing of records at Lincoln Heights jail. The prisoners' booking and jail record kept at Lincoln Heights jail is an original document. It shows the arrest of defendant on October 28, 1958 and his release from Hollenbeck jail on October 30, 1958. The custody record, also kept at Lincoln Heights jail, is an original document. It also shows defendant was released from Hollenbeck jail on October 30, 1958. The original "notification of release" record kept at Hollenbeck jail in the regular course of business shows defendant was released from Hollenbeck jail on October 30, 1958 at 5:52 p.m.

Defendant's first point is that the court should have granted his motion for a new trial due to inadequate, token representation received at the trial. No motion for a new trial was made by Murguia or in his behalf. Present counsel for defendant filed the notice of appeal. It is only from the judgment. The point that the court should have granted a nonexistent motion for a new trial has no merit. However, we have considered

the point in that if it is a fact it might have affected the verdict and judgment.

From his arraignment on February 27, 1959, to May 13, 1959, the date set for trial, defendant was represented by the public defender. On May 13, on defendant's motion, the public defender was relieved as his counsel and defendant was substituted in propria persona. Trial was continued to May 14. When the cause was called on May 14, Mr. Arthur, attorney for Casado, informed the court defendant had discharged his attorney and requested the court to discuss the matter with defendant. He said he would be present for Casado but did not like the further responsibility unless defendant wished to appoint him as his counsel, in which event he "would be glad to represent him." The court then talked to defendant in chambers. Defendant told the court he felt he could better represent himself; that if Mr. Arthur would like to represent him, he had more confidence in him. Mr. Arthur stated he would "be very glad to represent" defendant. "THE COURT: Very well. You take Mr. Arthur as your attorney and we will note him in the record as being your attorney then. DEFENDANT MURGUIA: Yes, sir. THE COURT: Mr. Arthur will represent both the defendants in this case." A ten-minute recess was taken. A jury was then selected and the district attorney made his opening statement. Mr. Arthur waived making an opening statement. Some time before noon, court adjourned until 10 a.m. the following day.

Present counsel for defendant, not Mr. Arthur, argues that the latter had only ten minutes in which to confer with defendant, which was insufficient to check defendant's alibi and ascertain whether, in fact, he had been released from Hollenbeck jail in the afternoon of October 31, 1958. The point is not well taken. Mr. Arthur had all afternoon and evening of May 14 in which to confer with defendant and to check the records at Hollenbeck jail. So far as appears, he checked those records. There was no motion for a continuance. There was no request for additional time. The record does not show that there was a need for longer time. There is no showing of prejudice in this respect. (*Cf. People* v. *Dotson,* 46 Cal.2d 891, 897 [299 P.2d 875].) The record shows defendant was well and ably represented. Mr. Arthur did a thorough, competent job, including exhaustive cross-examination of the prosecution's witnesses.

Defendant asserts the evidence is insufficient to sustain the

verdict. He argues there was only one witness to the sale, that Villalba posed as a private citizen and purchased heroin from defendants about three and a half months before the indictment; that he did not have a warrant for the arrests; that he had been assigned to narcotics detail for seven months and had made about 60 purchases involving about 60 different persons. He then says, ''It is contended that if this is all the evidence that need be given to convict a person for the sale of narcotics, then just about anyone can be convicted if an officer should so testify as in this case.'' He concludes that the evidence is inadequate to prove him guilty beyond a reasonable doubt. ■ It is the trier of fact who must be persuaded beyond a reasonable doubt of the guilt of the defendant. The function of the reviewing court is to determine whether the evidence, if believed, is of sufficient character to justify conviction. (*People* v. *Dragoo*, 121 Cal.App.2d 322, 324 [263 P.2d 90].) In the present case it is obvious the testimony of Officer Villalba was believed by the jury. ■ The uncorroborated testimony of one police officer is sufficient to sustain a verdict of guilty of selling narcotics. (Code Civ. Proc., § 1844; *People* v. *Smith*, 174 Cal.App.2d 129, 134 [344 P.2d 435].)

■ Defendant says the court gave an instruction which the jury disregarded. Since the instructions are not part of the record on appeal, the point may not be considered. (*People* v. *McClure*, 133 Cal.App.2d 631, 633-635 [284 P. 2d 887].)

We find no error in the record.

The judgment is affirmed.

Shinn, P. J., concurred.

Ford, J., did not participate.