[Crim. No. 7505.   Second Dist., Div. Two.   July 25, 1961.]

THE PEOPLE, Respondent, v. ERNEST NUNLEY,
Appellant.

Ernest Nunley, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

HERNDON, J.—Appellant was charged in two counts with sales of marijuana in violation of section 11531 of the Health and Safety Code. He was further charged with two prior felony convictions, to wit, burglary in 1956 and a violation of section 11500 of the Health and Safety Code in 1958. He entered a plea of not guilty but admitted the two prior felony convictions. The trial was before the court without a jury.

Found guilty on both counts, appellant now appeals from the judgment of conviction and from the order denying his motion for a new trial.

In the trial court appellant was represented by the public defender. He has taken this appeal in propria persona. He advances two contentions: (1) that the evidence is insufficient to support the judgment and (2) that the trial court failed to give him the benefit of the presumption of innocence.

Officer Orville Johnson testified that on April 4, 1960, he was working in Los Angeles as an undercover officer and that he had with him an informer named Mitchell. The officer positively identified appellant as the person from whom he made a purchase of marijuana at about 12 o'clock noon on

April 4, 1960. The officer's description of the transaction involved in the first count of the indictment was substantially as follows:

Mitchell and Officer Johnson were seated in a parked car at the intersection of 41st Street and Central Avenue. Around noon appellant approached the car and Mitchell inquired of him whether he could get them "a half of can of weed." Appellant answered affirmatively and stated that the cost would be seven dollars. Johnson said "okay," whereupon appellant entered the car. The three men then drove down Central Avenue to Santa Barbara Boulevard where appellant left the car to make a telephone call. After appellant completed his call, he got back into the car and they drove to Ascot Avenue. The officer parked the car and handed appellant a five-dollar bill and two one-dollar bills. Appellant left the car and, after an absence of a few minutes, returned with a package which he handed to Mitchell. Mitchell in turn handed the package to Johnson. Appellant was then taken back to 41st and Central where the men separated.

The proof in support of the second count of the indictment was supplied by the testimony of John L. Jones, an officer assigned to the narcotics division of the Los Angeles Police Department. This officer testified that at about 2 o'clock p. m. on April 4, 1960, he and an informer by the name of Patterson approached the appellant at a poolhall located on south Central Avenue. Patterson asked appellant whether "we could score five joints for two dollars." Appellant answered affirmatively, and at his suggestion the officer and Patterson accompanied him inside the poolhall and into the men's restroom. Appellant there opened his trousers and took therefrom five brown cigarettes which he handed to the officer. The officer gave appellant two one-dollar bills and then left the poolhall proceeding to the police administration building.

The stipulated testimony of a qualified forensic chemist established that the package described by Officer Johnson and the cigarettes described by Officer Jones contained marijuana.

Appellant took the stand and denied that he had sold marijuana to either of the officers, declaring "I have never sold any kind of narcotics." The informer Mitchell, called as a witness by appellant, testified to the effect that appellant was not the person from whom he and Officer Johnson had purchased the narcotics in the transaction described by the officer.

It is readily apparent from the foregoing résumé that the record contains ample substantial evidence to sustain the

judgment. ■ Pertinent to appellant's attack upon the credibility of the police officers is the following statement of our Supreme Court in the case of *People* v. *Braun,* 14 Cal.2d 1, at page 5 [92 P.2d 402] :

"It is a familiar rule that in reviewing the correctness of factual determinations, the function of an appellate court is limited to the question whether there is any substantial evidence in the record to support the judgment. ■ To entitle a reviewing court to set aside a jury's finding of guilt, the evidence of identity must be so weak as to constitute practically no evidence at all. (*People* v. *Farrington,* 213 Cal. 459 [2 P.2d 814] ; *People* v. *Friday,* 18 Cal.App.2d 197 [63 P.2d 303].) ■ In a case such as the present one, where there is positive direct testimony that the defendant was one of the perpetrators of the crime, it is incumbent upon him to show that the testimony is inherently unbelievable in order to prevail. ■ 'A statement, to bear upon its face the brand of improbability, or which may be said to be unbelievable, *per se,* must involve, we think, a claim that something has been done that it would not seem possible could be done under the circumstances described, or involve conduct that no one but a person of a seriously calentured mentality would be likely to do.' (*People* v. *Haydon,* 18 Cal.App. 543, 553 [123 P. 1102, 1114].)''

■ The direct and positive testimony of the two police officers that they purchased narcotics from appellant is sufficient to sustain his conviction. ■ It has been held repeatedly by the California courts that the uncorroborated testimony of one police officer is sufficient to sustain a conviction of selling narcotics. (*People* v. *Casado,* 181 Cal.App.2d 4, 8 [4 Cal.Rptr. 851] ; *People* v. *Smith,* 174 Cal.App.2d 129, 134 [344 P.2d 435] ; *People* v. *Jones,* 153 Cal.App.2d 41, 43 [314 P.2d 93] ; *People* v. *Bryant,* 157 Cal.App.2d 528, 533 [321 P.2d 45].)

Appellant's contention that the trial judge failed to give him the benefit of the presumption of innocence is without the slightest support in the record. ■ The essence of appellant's argument is that since the testimony of the police officers was uncorroborated and since it was contradicted by the testimony of appellant and one of the informers, it necessarily follows that the evidence of his guilt is insufficient to overcome the presumption of innocence. The fallacy of the argument is obvious. ■ It is elementary that the effect of the presumption of innocence is to place upon the state

the burden of proving the accused guilty beyond a reasonable doubt. (Pen. Code, § 1096.) Appellant's assertion that the evidence offered by the prosecution is insufficient to prove his guilt beyond a reasonable doubt is answered by what we have stated above in our consideration of his challenge to the sufficiency of the evidence.

As stated in *People* v. *Casado, supra,* 181 Cal.App.2d 4, 8: "It is the trier of fact who must be persuaded beyond a reasonable doubt of the guilt of the defendant. The function of the reviewing court is to determine whether the evidence, if believed, is of sufficient character to justify conviction. (*People* v. *Dragoo,* 121 Cal.App.2d 322, 324 [263 P.2d 90].)"

For the foregoing reasons, the judgment and the order denying appellant's motion for a new trial are affirmed.

Fox, P. J., and Ashburn, J., concurred.