FOX, P. J.
 

 Defendant was convicted of violating section 11530 of the Health and Safety Code (possession of marijuana). He has appealed from the judgment and sentence and from the denial of his motion for a new trial.
 

 Officer Richard Hill of the Los Angeles Police Department, Narcotics Division, was present when his partner, Sergeant Archibald, received a telephone call. After the call was completed, Archibald told Hill that the person with whom he had been talking informed him that defendant had marijuana in his possession, that he had brought it back from Tia Juana in a blue 1960 Cadillac coupe de ville. The person who gave Archibald this information did not give the officer his name. The informer also gave the officer: (1) the license number of the car, and (2) a physical description of the defendant. A license check disclosed that the car was registered to defendant at a certain address. When the officers went to that address they found that defendant had lived there for some time but had moved a couple of months previously. They also learned that defendant worked at the Santa Anita race track. A few days later a check of the records at the race track indicated that defendant was employed there as a maintenance man and lived at 4027 Country Club Drive. Officer Hill checked the police records and discovered a picture of defendant which verified the name and description they had received from the telephonic informer.
 

 That evening Hill and his partner went to the address at 4027 Country Club Drive. Upon searching the surrounding
 
 *701
 
 area, they found the Cadillac, which matched the description and license number which they had previously received, parked approximately half a block away. The officers then went to the front portion of the single-family residence at the above address. Adjacent to the door was a long window which extended from the ceiling to the floor. The shades did not reach to the bottom of the window. The officer looked through this unobstructed portion of the window into what appeared to be the front room and observed a man meeting the description of defendant lying on a couch. The television was on and a female was in the far corner of the room. The officers had neither a search warrant nor a warrant for defendant’s arrest.
 

 Officer Hill knocked on the front door. Defendant came to the door and opened it. Hill showed him his identification and stated that they were “police officers.” At this point defendant tried to push the door shut. Hill and his partner pushed against the door and prevented defendant from pushing it shut; and in fact succeeded in pushing it open. Hill then observed defendant going toward a small table next to the couch on which he had been lying. Defendant grabbed something and made a motion with his right hand to his mouth. At this point the officers entered the front room and attempted to restrain defendant from swallowing whatever it was he had in his mouth. He was told to spit and he spat out some shreds of tobacco. At this time Hill observed a paper-wrapped cigarette about an inch and a quarter in length, which resembled a partially burned marijuana cigarette, in an ash tray on the table. Officer Hill took possession of this “roach” which, upon scientific examination, was found to contain marijuana. Hill showed this “roach” to defendant while still in the house. Defendant stated that he did not know what it was or how it got there.
 

 While in the police car on the way to the Central Police Station, Officer Hill, in the presence of Sergeant Archibald, further interrogated defendant about the marijuana “roach.” Defendant stated that he had never peddled marijuana, that what marijuana he might have was for his own use, and that he had picked up half a can of marijuana approximately a week prior to that time. Elizabeth Greer, who resided in and owned the house in which defendant was arrested, testified that she had a teen-age boy who was part of a group of singers who were in and out of her house.
 

 Defendant testified that on the night of his arrest he was lying on the couch in his pajamas, smoking a Chesterfield
 
 *702
 
 cigarette. He stated that he heard a noise of someone moving out on the porch; that he asked “Who is it?” and received the reply, “Officers.” He further stated that they entered without displaying any identification or any evidence of being officers while he was attempting to get up. According to defendant, he did not in any way attempt to prevent the officers from entering the house. He denied reaching for the table and gave a very different account of what transpired in the living room from that to which Officer Hill had testified. He was arrested and told to get dressed, that they had enough on which to book him. Defendant denied that he had any knowledge of the presence of the marijuana cigarette in the house before it was shown to him by the officers.
 

 In seeking a reversal, defendant makes two contentions: (1) that the marijuana cigarette was not admissible in evidence on the ground that the arrest and search were made without reasonable or probable cause, and (2) that the evidence is insufficient to sustain the judgment of conviction. Neither of these contentions, however, justifies a reversal.
 

 Reasonable or probable cause is shown when a man of ordinary care and prudence, knowing what the officers knew and seeing what they did, would be led to believe or consciously entertain a strong suspicion of the guilt of the accused.
 
 (People
 
 v.
 
 Steffano,
 
 177 Cal.App.2d 414, 417 [2 Cal.Rptr. 176];
 
 People
 
 v.
 
 Kilvington,
 
 104 Cal. 86, 92 [37 P. 799, 43 Am.St.Rep. 73];
 
 Bompensiero
 
 v.
 
 Superior Court,
 
 44 Cal.2d 178, 183 [281 P.2d 250];
 
 People
 
 v.
 
 Ingle,
 
 53 Cal.2d 407, 414 [2 Cal.Rptr. 14, 348 P.2d 577].)
 

 Here the evidence indicates that the officers’ suspicions were reasonably aroused due to the telephone call from an unidentified person providing them with information that defendant was in possession of marijuana that he had brought back from Mexico in a blue 1960 Cadillac coupe de ville and also providing the officers with the license number of the car and a physical description of the defendant. A check of the license number revealed that the car was registered to defendant at a certain address. Further investigation revealed that although defendant had lived there for some time, he had moved to another address and that he worked at the Santa Anita track. Investigation at the race track confirmed his employment there as a maintenance man and that he then resided at 4027 Country Club Drive. From a check of police records the officers found a picture of defendant which verified his name and the description which they had received front
 
 *703
 
 the informer. In further pursuit of this matter the officers went to the locale of the address 4027 Country Club Drive and searched the vicinity for defendant’s car. They found a Cadillac that matched the description and license number which they had previously received, parked approximately half a block away. On going back to the house and looking through the unobstructed lower portion of a window adjacent to the front door, they observed a man, meeting the description they had, lying on a couch.
 

 When police officers have suspicions concerning criminal activities it is proper for them “to seek interviews with suspects or witnesses or to call upon them at their homes for such purposes.”
 
 (People
 
 v.
 
 Michael,
 
 45 Cal.2d 751, 754 [290 P.2d 852];
 
 People
 
 v.
 
 Martin,
 
 45 Cal.2d 755 [290 P.2d 855];
 
 People
 
 v.
 
 Murray,
 
 198 Cal.App.2d 805, 808 [18 Cal.Rptr. 280].) The officers were reasonably seeking an interview with the suspect and were calling upon him at his place of residence for that purpose.
 
 [1]
 
 Upon the door being opened and defendant being advised that the men were “police officers” and shown their identification, defendant’s conduct in attempting to push the door shut and upon not being successful in that effort, then going toward the small table next to the couch on which he had been lying, grabbing something and making a motion with his right hand to his mouth, reasonably justified the officers, in light of the information with which they had previously been provided and which they had cheeked out and verified, in believing that defendant was attempting to dispose of contraband. In this connection it should be noted that police officers “should not be held to accountability greater than that required of any other reasonable or prudent man under like circumstances.”
 
 {People
 
 v.
 
 Ingle, supra.)
 
 In view of what the officers knew and had verified and defendant’s conduct and furtive act, it sufficiently appears that the officers’ entry into the house was based upon reasonable or probable cause. It follows that the marijuana “roach” which they observed after their entry was not the product of illegal search and was therefore admissible in evidence.
 

 The rule which governs an appellate court in a review of the sufficiency of the evidence to sustain a conviction has been stated many times. It is applicable whether the trier
 
 *704
 
 of fact in the court below was a jury or, as in the present case, a judge. “As stated in
 
 People
 
 v.
 
 Merkouris,
 
 52 Cal.2d 672 [344 P.2d 1], at page 678: ‘In a criminal prosecution the weight of the evidence is for the jury to determine, and if the circumstances reasonably justify a verdict of guilty by the jury, an opinion of the reviewing court that those circumstances might also be reasonably reconciled with the innocence of the defendant does not warrant a reversal of a verdict of guilty by the jury. Likewise, defendant's contention that the incriminating circumstantial evidence was insufficient to establish his guilt because such evidence might also be deemed compatible with innocence is not well taken. ’ [Citation.] ‘It is not the function of a reviewing court, even in a case dependent wholly on circumstantial evidence, to reweigh that evidence nor to attempt to formulate a reasonable theory of innocence.’ [Citations.] Accordingly, the appellate court must assume in favor of the determination of the trier of fact the existence of every fact which such trier of fact could have reasonably deduced from the evidence, and then the appellate court must decide whether such facts are sufficient to support such determination. [Citation.]”
 
 (People
 
 v.
 
 Morton,
 
 191 Cal.App.2d 744, 746-747 [12 Cal.Rptr. 817].) As stated by this court in
 
 People
 
 v.
 
 Flores,
 
 155 Cal.App.2d 347 [318 P.2d 65], with reference to possession of narcotics (p. 349): “Possession and knowledge may be proved circumstantially .... Exclusive possession of the premises is not necessary nor is physical possession of the drug of the essence. [Citations.] ”
 

 In the case at bench the actions of defendant when the police officers identified themselves, the fact that a marijuana “roach” was found in an ash tray on a table adjacent to a couch on which defendant was lying, defendant’s statements to the officers on the way to the police station that what marijuana he might have was for his own use and his admission that he had picked up half a can of marijuana about a week previously, amply justify the inference that the marijuana “roach” was defendant’s and that he knew what it was.
 

 In arguing that the evidence is not sufficient to establish his guilt beyond a reasonable doubt, defendant overlooks the principle that “It is the trier of fact which must be persuaded beyond a reasonable doubt of the guilt of the defendant.” The function of the reviewing court is to determine whether the evidence, if believed, is of sufficient character to justify conviction.
 
 (People
 
 v.
 
 Dragoo,
 
 121 Cal.App.2d 322,
 
 *705
 
 324 [263 P.2d 90];
 
 People
 
 v.
 
 Casado,
 
 181 Cal.App.2d 4, 8 [4 Cal.Rptr. 851].) The facts and circumstances here in evidence together with the inference reasonably to be drawn therefrom amply support the conviction.
 
 People
 
 v.
 
 Privett,
 
 55 Cal.2d 698 [12 Cal.Rptr. 874, 361 P.2d 602], on which defendant relies, is clearly distinguishable from the instant ease and is therefore not applicable.
 

 The judgment and sentence (which are one and the same) and the order denying defendant’s motion for a new trial are affirmed.
 

 Ashburn, J., and Herndon, J., concurred.
 

 [1]
 

 Officer Hill testified: “All I had in my mind at that time [when he knocked on the door] was to make an investigation.”