[Crim. No. 1713. Fourth Dist. Sept. 4, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK CORDOVA GUERRERO, Defendant and Appellant.

Monroe & Chula and George H. Chula for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and A. Wallace Tashima, Deputy Attorney General, for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal by defendant from a judgment of conviction of sale of a narcotic (heroin) in violation of Health & Safety Code, section 11501.

#### FACTS

On March 18, 1960, defendant met State Narcotics Agent Antonio Cota, Jr., at a handball court in Placentia, California. After some discussion between them relating to purchase and sale of narcotic heroin, they drove to defendant's home in Fullerton, where defendant sold to Cota 1.4 grams of heroin. State Narcotics Agents Ernie Avalos and Robert King and Deputy Sheriff Chaney of Orange County followed in another car, saw Cota and defendant get out at defendant's home and saw some of the movements of Cota and defendant at defendant's home, but did not see the sale itself, which occurred inside defendant's home. These surveillance officers saw defendant and Cota reenter Cota's car and followed to the Lusar Billiard hall in Fullerton, where the officers saw defendant enter, return to Cota, and saw Cota leaving alone in his car. The officers followed Cota and after a few blocks all stopped; Cota exhibited the heroin package and the officers and Cota initialed the package for later identification. Officer Avalos was well acquainted with defendant, having known him for several years. This particular investigation was known by the officers to be directed at defendant's narcotic activities and others of the surveillance group had seen his picture. The heroin package was conveyed to a chemist, who testified that it contained 1.4 grams of narcotic heroin.

Because an investigation of the narcotics traffic over that entire area was being conducted by the State Narcotics Bureau and because Cota's identity as a state agent needed to

be concealed during the lengthy investigation, no complaint was then filed. Cota made some further attempts to buy from defendant but defendant acted suspicious and made no further sales. On April 10, 1961, a warrant was issued and the officers arrested defendant at his home. At the time of arrest, defendant crouched with his hand in his pocket. The officer stated his identity and official status and that defendant was under arrest on a felony warrant. Defendant started to run. The officer shot defendant's arm. Defendant fell. From the ground where he fell the officers recovered a knife and a quantity of marijuana cigarettes. Some other men there present were also arrested and more marijuana cigarettes were found where two of them were standing.

Defendant at trial admitted a prior misdemeanor conviction of possession of marijuana and a prior felony conviction of assault with a deadly weapon. Defendant, in his testimony, denied the sale charged and claimed that he was at another place. Other defense witnesses tended to corroborate the defendant's alibi testimony.

### FAIR AND SPEEDY TRIAL

Defendant first complains that he was denied his constitutional right to a fair and speedy trial because the complaint was filed and arrest was made more than one year after the commission of the offense.

First, it must be remembered that the time limitation for the filing of an ordinary felony action is set by the Legislature at three years (Pen. Code, § 800). The time pertaining to speedy trial commences to run after the defendant becomes an "accused" person. (*People* v. *Jordan*, 45 Cal.2d 697, 708 [15] [290 P.2d 484]; *People* v. *Aguirre*, 181 Cal.App.2d 577, 579-580 [2] [5 Cal.Rptr. 477]; *People* v. *Goss*, 193 Cal.App. 2d 720, 726 [4] [14 Cal.Rptr. 569].)

 As to the actual time of trial after the filing of the information, defendant voluntarily waived the statutory time for trial. Appellant cannot complain where he waives the statutory right. (*People* v. *Norman*, 177 Cal.App.2d 59, 65 [1 Cal.Rptr. 699]; *People* v. *Martin*, 128 Cal.App.2d 361, 363 [3] [275 P.2d 635]; *People* v. *Session*, 185 Cal.App.2d 684, 686 [2] [8 Cal.Rptr. 492].)

Regarding delay in filing the complaint, it is noted that defendant has made no showing whatever of any lost witnesses or other missing evidence caused by lapse of time. There was no showing of prejudice. Defendant and his witnesses testi-

fied to the matters about which they were questioned. We find no merit in the point. (*People* v. *McDaniel,* 169 Cal.App. 2d 536, 539 [2] [337 P.2d 537].)

## SUPPRESSION OF EVIDENCE

Defendant next suggests that the prosecution wilfully suppressed evidence by failing to call as a witness one Steve Silva who introduced Cota to defendant. The record does not show that the prosecution was in any better position to call Silva than defendant. From what little the record contains on the subject of Silva it would seem just as probable that he was better known to defendant than to the prosecution.

As was said in *People* v. *Tuthill,* 31 Cal.2d 92, 98 [2] [187 P.2d 16], "There is no compulsion on the prosecution to call any particular witness or to make any particular tests so long as there is fairly presented to the court the material evidence bearing upon the charge for which the defendant is on trial." See also *People* v. *Wein,* 50 Cal.2d 383, 403 [326 P.2d 457] ; *People* v. *Williams,* 174 Cal.App.2d 175, 183, 184 [6a-7] [344 P.2d 45]. Defendant suggests that the prosecutor presented evidence known by the prosecutor to be false. He points out no parts of the record to substantiate this. It is not entitled to consideration. However, we have read the entire record and we can find nothing to support the charge. The point is without merit.

## IMPROBABLE TESTIMONY

Defendant next contends that Cota's testimony was inherently improbable. After reading the entire record and considering all the circumstances presented by the evidence, we cannot agree with this contention. It must be remembered that, as was said in *People* v. *Nunley,* 194 Cal.App.2d 233, 236 [4] [14 Cal.Rptr. 874], quoting from *People* v. *Haydon,* 18 Cal.App. 543, 555 [123 P. 1102] :

"A statement, to bear upon its face the brand of improbability, or which may be said to be unbelievable, *per se,* must involve, we think, a claim that something has been done that it would not seem possible could be done under the circumstances described, or involve conduct that no one but a person of a seriously calentured mentality would be likely to do." See also *People* v. *Collier,* 111 Cal.App. 215, 226 [5] [295 P. 898].

## MISCONDUCT OF DISTRICT ATTORNEY

Defendant contends the district attorney was guilty of mis-

conduct in not producing all available evidence. He gives no transcript reference nor does he suggest at what stage of the trial, if any at all, any objections or assignment of error was made by him. What was said in *People* v. *Tuthill, Wein* and *Williams, supra,* applies. There is no merit in the point.

He next suggests that the prosecutor's argument went outside the record. The record does not support the claim. He claims the prosecutor unjustly argued that defendant's wife was untruthful in her testimony. Her testimony was directly or inferentially in conflict with the testimony of four officers. He complains of the prosecutor in arguing the probability of veracity as between defense witnesses and the officers and of the mention of diaries. Every portion of the prosecutor's argument referred directly to testimony given and was well within the purview of normal argument. Furthermore, defendant does not point out where he ever made objection nor even suggested that he did object during argument to any of the matters now complained of in the prosecutor's argument. The point is without merit. (*People* v. *Turville,* 51 Cal.2d 620, 636 [19-20] [335 P.2d 678].) We find nothing in *People* v.*Vigghiany,* 181 Cal.App.2d 621 [5 Cal.Rptr. 501], analogous to the facts in the case at bar.

## COURT'S REMARKS

Defendant suggests that the trial court made prejudicial remarks. Defendant gives no transcript reference but from the very short quotation given appears to be referring to an interchange between counsel during defense argument. The prosecutor had theretofore challenged the reasonableness of defendant's wife when she said she had never talked to defense counsel. Instead of taking the witness stand to testify (if he had considered the matter of sufficient importance to warrant testimony) defense counsel sought, during argument, to assure the jury factually that he had not, in truth, talked to the witness prior to trial. The district attorney objected that this was not in evidence. The court, in explaining to defense counsel that he could not properly interject factual material by way of argument, simply said, "He (the district attorney) is appealing to their common sense and you are trying to tell them what happened." When read in conjunction with the objection and ruling, this could only have been intended to mean, and a fair interpretation could only give it the meaning, that the defense counsel was attempting to testify during argument while the district attorney had merely ap-

pealed to the reason of the jury on the basis of testimony given. We find no error here.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 31, 1962. Peters, J., was of the opinion that the petition should be granted.