[Crim. No. 8354. Second Dist., Div. Two. Nov. 20, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH DUDLEY SLAUGHTER, Defendant and Appellant.

Joseph Dudley Slaughter, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—This appeal, prosecuted in propria persona, is taken from the judgment of conviction following a nonjury trial wherein appellant was charged with the crime of burglary in violation of section 459 of the Penal Code. It was found that appellant had suffered two prior felony convictions of burglary. ▉ Appellant's arguments relate mainly to the sufficiency of the evidence. In so arguing, he asks us to reweigh the evidence and to substitute our appraisal for that of the trial court. This, of course, we cannot do. (*People* v. *Kemp*, 55 Cal.2d 458, 471 [11 Cal.Rptr. 361, 359 P.2d 913].)

One Lodean Johnson testified that on November 12, 1961, she left her apartment to go to the store. She closed her door but did not lock it. She met appellant in front of the building, and he asked her to permit him to go up to her apartment; she refused. When she returned to the apartment, she discovered that her television set was missing. She immediately called the police and was present when the set was found in another apartment. She was able to identify it by its color and a chipped corner. She did not give appellant, or anyone else, permission to enter her apartment or to take her television set.

Officer Carlos A. Martinez of the Los Angeles police testified that after he had taken a burglary report from Mrs. Johnson, he was informed by another unknown resident that appellant was then in another apartment of the same building. The officer proceeded to the indicated apartment and was admitted by appellant. The officer asked appellant's permission to search the closet. Appellant answered "Yes," but said that it was not his apartment. The television set was found in the closet hidden in a corner under some old clothes and rags. Appellant then admitted that he had taken the set and had "put it in the closet and hid it so no one would find it." Appellant, who did not take the witness stand, called one Fred Smith, who was living with Mrs. Johnson. Smith testified that he had lost some money gambling with appellant, and had given him the television set. Smith further asserted that although he had not purchased the set, he was making payments on it to a bill collector whose name and address he could not remember.

In the last analysis, appellant's entire argument regarding the sufficiency of the evidence is based on the premise that this court should credit the testimony given by the witness Smith and reject the contradictory evidence introduced by

the prosecution. However, the trial judge, who had the opportunity to observe the witness, stated most emphatically that he gave no credence whatsoever to Mr. Smith's testimony. ''It is elementary that the determination of the credibility of witnesses is the sole province of the trial court.'' (*People* v. *Hughes*, 183 Cal.App.2d 107, 112 [6 Cal.Rptr. 643].) Clearly, appellant's admitted taking and hiding the television set, under all the circumstances as recited, is more than sufficient to support the conviction. His failure to testify added further justification for the trial court's appraisal of the evidence. (*People* v. *Searcy*, 153 Cal.App. 2d 799, 802 [314 P.2d 1002].)

Appellant urges that the officer's actions constituted an illegal search. However, the evidence is uncontradicted that appellant *consented* to the search. Furthermore, no objection was ever made on this ground during the trial and such objection may not be asserted for the first time upon appeal. (*People* v. *Rojas*, 55 Cal.2d 252, 260 [10 Cal. Rptr 465, 338 P.2d 921] ; *People* v. *Wells*, 187 Cal.App.2d 324, 334 [9 Cal.Rptr. 384].)

Finally, appellant asserts that he was denied his constitutional rights in that he was tried upon an information following a preliminary hearing rather than upon a grand jury indictment. There is no merit whatsoever in this contention. (*People* v. *Barreras*, 181 Cal.App.2d 609, 615 [5 Cal.Rptr. 454] ; *People* v. *Collins*, 172 Cal.App.2d 295, 301 [342 P.2d 370].)

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.