[Crim. No. 11600.   Second Dist., Div. One.   Mar. 2, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. KENNETH ENGLISH et al., Defendants and Appellants.

Raymond H. Miller, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal by each of the defendants from a judgment of conviction of robbery in the first degree.

In an information filed in Los Angeles County on February 24, 1965, defendants, with Javance Fields, were charged in count I with robbing Bettie E. Mason on December 31, 1964, of $52.50 in money; it was further charged that at the time of the commission of the offense the defendants were armed with a deadly weapon, a revolver, and that at the time of arrest of English for the above offense he was armed with a concealed deadly weapon, a revolver. In count II defendants were charged with conspiring to commit robbery in that on or about January 25, 1965, they conspired and agreed to commit the crime of robbery. It was further charged that Cooksey had been convicted of robbery in San Diego County on April 23, 1958, and had served a term of imprisonment therefor in the state prison.

Appellants pleaded not guilty and the prior was denied. Because of a conflict of interest, on April 27, 1965, attorney Bubrick was appointed to represent Cooksey. The public defender continued to represent English and another attorney was appointed to represent Fields. Upon motion of one of the defendants on May 3, 1965, count I was ordered severed from count II and each count was to be tried separately, count I to be tried after the trial with reference to count II. By stipulation on May 17, 1965, the matter of count II was called for

trial and the cause was submitted upon the transcript of the proceedings had at the preliminary hearing. Each defendant was found not guilty as to count II and Fields was released. The matter of the charge against English and Cooksey as to count I was set for trial June 22, 1965. On June 22, 1965, a trial of English and Cooksey as to count I was started before the court without a jury and concluded on June 23, 1965. Each defendant was found guilty of robbery in the first degree. It was further found that English was armed with a deadly weapon at the time of his arrest and each defendant was found to have been armed with a dangerous weapon at the time of the commission of the robbery. The charged prior conviction of Cooksey was found to be true. Each defendant was sentenced to the state prison for the term prescribed by law.

A timely notice of appeal was filed by each of said defendants, English and Cooksey.

A review of some of the evidence is as follows: Bettie Mason was employed at T's Drive-In on December 31, 1964. At about 9 p.m. appellants walked into the establishment and ordered something to eat. The appellants then demanded money from Miss Mason, English saying: " 'I am not kidding' . . . 'Put the money in another bag.' " She complied by putting the money (about $80 or $90) in a bag and delivered it to English. She did so because English had a gun pointed at her. That gun resembled the gun which English had in his waistband when he was arrested. Miss Mason told the officers that she thought the gun was a .45 caliber. It developed that the gun which was found on English was a loaded .38 caliber. Miss Mason positively identified appellants as the persons who had robbed her.

On January 25, 1965, Officer Pletzer arrested appellants and removed a .38 caliber revolver from English's waistband upon searching English.

Appellants now contend that the evidence was insufficient to support the judgment, that they were arrested without probable cause and that the judge should have rejected the testimony of the prosecution witnesses. There is no merit to appellants' contentions.

It was for the trier of fact to determine the weight of the evidence and the credibility of the witnesses. (*People* v. *Spencer*, 170 Cal.App.2d 145, 149 [338 P.2d 484], cert. denied, 361 U.S. 949 [4 L.Ed.2d 382, 80 S.Ct. 405] ; *People* v. *Kramer*, 103 Cal.App.2d 35, 37 [229 P.2d 53].) Certainly in this case

the court could reasonably deduce from the evidence that appellants were guilty of the offense as charged. (*People* v. *Sinshiemer,* 182 Cal.App.2d 103, 108 [5 Cal.Rptr. 740] : *People* v. *Williams,* 185 Cal.App.2d 457, 461 [8 Cal.Rptr. 254]; *People* v. *Dorsey,* 177 Cal.App.2d 807, 808 [2 Cal.Rptr. 644].) The direct evidence of Miss Mason about the robbery is sufficient in itself to establish guilt. (See Code Civ. Proc., §§ 1844, 1831; *People* v. *Casado,* 181 Cal.App.2d 4, 8 [4 Cal.Rptr. 851]; *People* v. *Carr,* 170 Cal.App.2d 181, 188 [338 P.2d 479].)

With reference to the contention to the effect that appellants were wrongfully arrested, the record discloses that Officer Pletzer testified that he arrested appellants on June 25, 1965, at a bar on West Washington Boulevard, that he searched them and removed the loaded gun from English's waistband. The deputy district attorney then attempted by questions to determine what caused the officer to go to the bar in question and an objection to his question was sustained. The judge asked English's attorney if he was presenting any issue with reference to probable cause and counsel answered that he was not. When the gun was offered into evidence there was no objection. No authority has been submitted to the effect that before a defendant may be tried there must be proof of a lawful arrest. Had counsel desired to raise any question about the arrest, they were privileged to do so at the trial. Ordinarily an objection to an illegal search and seizure must be raised at the trial level and not for the first time on appeal. (*People* v. *Saldana,* 233 Cal.App.2d 24, 33 [43 Cal. Rptr. 312]; *People* v. *Martin,* 228 Cal.App.2d 677, 678 [39 Cal.Rptr. 669]; *People* v. *Gurrola,* 218 Cal.App.2d 349, 354 [32 Cal.Rptr. 368].)

Appellants seemingly rely in part upon evidence introduced at the preliminary hearing. The trials as to counts I and II were separate. The preliminary transcript was introduced into evidence with reference to count II and it was not introduced as to count I. This court should not consider matters outside the record which is before us. (*People* v. *Roberts,* 182 Cal.App.2d 431, 438 [6 Cal.Rptr. 161]; *People* v. *Casado,* 181 Cal.App.2d 4, 8 [4 Cal.Rptr. 851]; *People* v. *Collins,* 172 Cal.App.2d 295, 302 [342 P.2d 370].)

Appellants' assertions to the effect that the judge should have believed their alibi witnesses are without merit. (*People* v. *Ambrose,* 199 Cal.App.2d 846, 852 [19 Cal.Rptr. 102]; *People* v. *Robles,* 183 Cal.App.2d 212, 214 [6 Cal.Rptr. 748]; *People* v. *Collins, supra,* 172 Cal.App.2d 295, 301.)

We have considered all of appellants' contentions and it is unnecessary to elaborate further upon the case. Each appellant was properly and legally convicted of the offense for which he was sentenced.

The judgments are, and each is, affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 26, 1967.