[Crim. No. 1140.   Fourth Dist.   Apr. 22, 1957.]

THE PEOPLE, Respondent, v. MANUEL C. HERNANDEZ, Appellant.

Julius J. Novack for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

GRIFFIN, J.—A court trial resulted in a conviction of defendant and appellant on four counts of violation of section 11500 of the Health and Safety Code (selling a narcotic). The sufficiency of the evidence is not questioned. The claim is that the indictment had not been found, endorsed and presented as prescribed by law, and that an unauthorized person was present before the grand jury during the taking of testimony, to wit, an interpreter who was not sworn as such. The point is that the court should have granted defendant's motion to set aside the indictment on the grounds noted, which motion was made just prior to trial. Appellant cites such authority as *People* v. *Lem Deo,* 132 Cal. 199 [64 P. 265] ; *Husband* v. *Superior Court,* 128 Cal.App 444 [17 P.2d 764] ; Code of Civil Procedure, section 1884, and Penal Code, section 925. Defendant has attempted to appeal from the judgment, the order denying his motion for new trial, and denying the mo-

tion to dismiss the indictment, as well as all other "orders adverse to defendant's rights." ▇ The attempted appeal from the order denying the motion to dismiss and all other "orders adverse to defendant's rights" must be dismissed as not being appealable. (*People* v. *Simmons*, 119 Cal. 1 [50 P. 844]; Pen. Code, §§ 1237 and 1259.)

▇ Defendant sets forth in his brief certain portions of the proceedings taken before the grand jury indicating that the record does not affirmatively show that an interpreter was necessary or was sworn. Of course this would not be a proper or sufficient record or showing in respect to the points raised. (*People* v. *Scott*, 24 Cal.2d 774, 777 [151 P.2d 517]; *People* v. *Black*, 89 Cal.App. 219, 222 [264 P. 343]; *Adams* v. *Crawford*, 116 Cal. 495, 499 [48 P. 488].)

In a prior proceeding before this court under section 995 of the Penal Code (*Hernandez* v. *Superior Court*, 142 A.C.A. No. 5, Minutes page 5, Case No. 5524 [hearing in Supreme Court denied Aug. 31, 1956, 47 A.C. No. 2, Minutes page 3]) this defendant sought an order prohibiting the superior court from trying the matter set forth in the indictment on the same grounds he now urges and there was lodged before this court a copy of the reporter's transcript of the oral proceedings taken before the grand jury relating to this defendant. The petition was denied. This order became final. The reporter's transcript was returned to defendant's counsel.

In connection with this appeal, on January 24, 1957, there was, according to the minutes, "Lodged with this court, but not filed," by direction of the Presiding Judge, what purports to be a carbon copy of the reporter's transcript of the oral proceedings taken before the grand jury in respect to this defendant. Whether this is a true, full and complete copy of all of the proceedings and testimony taken before the grand jury is problematical. Also, it is questionable whether the certificate of the official reporter attached was signed by him or was copied by another person. It recites that he took down in shorthand the testimony of the witnesses named therein, who testified before the grand jury on Wednesday, May 2d, 1956, in connection with the charges made against Manuel Hernandez and John Doe 1; and that the 25 typewritten pages were a full, true and correct transcription from his shorthand notes. It appears therefrom that the foreman of the grand jury announced that the "consideration" for that day was "to determine what, if any, public offenses were committed by the following people in connection with the selling, furnishing, or

giving away of narcotics," naming 19 persons. Among them appeared defendant's name. Several of the other names were Spanish. It therefore affirmatively appears that charges against other defendants were also under consideration. After testimony of a chemist, as to the nature of a certain number of articles and that they contained narcotics, the district attorney announced: "This concludes the testimony of this witness as to any matters in connection with Manuel Hernandez." Up to this time it does not appear that any interpreter was in the grand jury room. Apparently there were other witnesses examined and other testimony taken in reference to the other named persons. Whether the interpreter was sworn and used in reference to these other witnesses is not indicated. Apparently this part of the proceeding was omitted from the transcript before us. It was then announced to the foreman that the district attorney would now present the testimony of a witness in connection with any public offense possibly committed by defendant Hernandez. An Eduardo Nunez was sworn as a witness and testified to four separate and distinct sales of narcotics to him by defendant on different dates and that he turned the narcotics thus purchased by him over to a deputy sheriff. Apparently this witness could speak fairly good English but at times he was assisted in his answers by one designated in the transcript as "the interpreter." Then follows the statement by the district attorney that "this concludes the testimony of this witness as to any matters in connection with Manuel Hernandez . . ." Apparently the grand jury continued on with the proceedings in reference to other parties named.

It is upon this showing that defendant now claims that it was affirmatively shown that the interpreter was not first sworn as such interpreter and that there was no showing that an interpreter was necessary or required.

In the first place we do not believe that defendant has properly or fully met the burden resting upon him to establish these claimed facts. It may well have appeared from a full transcript of the entire hearing before the grand jury that an interpreter was sworn and that an interpreter was required. ■ In the absence of a contrary showing, there is a presumption that official duty has been regularly performed. (Code Civ. Proc., § 1963, subd. 15.) ■ From the testimony before us it does affirmatively appear that an interpreter was used in a few instances and we must assume, in the absence of any other showing, that it was necessary. It is

also of interest to note that an interpreter for this same witness was sworn and examined in the trial court, and counsel for defendant spoke through this interpreter in cross-examining the witness. Section 925 of the Penal Code provides in part:

" . . . The grand jury or district attorney may require by subpoena the attendance of any person before the grand jury as interpreter, and such interpreter may, while his services are necessary, be present at the examination of witnesses before the grand jury. . . ."

In addition, these same questions were once before passed upon by the trial court, this court, and the Supreme Court, in denying a writ of prohibition. That judgment has become final and these same questions should not be again considered on an appeal from the judgment. (*People* v. *Lancellotti*, 147 Cal.App.2d 723, 728 [305 P.2d 926].) Furthermore, there is no showing in the present transcript on appeal that the reporter's transcript of the proceedings taken before the grand jury was used and made a part of the record in the trial court or on appeal, in support of the second motion to dismiss the indictment. Matters not presented by the record cannot be considered on the suggestion of counsel in the briefs. (*Adams* v. *Crawford*, 116 Cal. 495, 499 [48 P. 488] ; *People* v. *Gormley*, 64 Cal.App.2d 336, 338 [148 P.2d 687].) The procedure to augment the record is set forth in rule 33(b), Rules on Appeal. We conclude that the objections here raised are not well taken at this time and that no prejudicial error resulted. (*Stern* v. *Superior Court*, 78 Cal.App.2d 9, 13 [177 P.2d 308].)

Judgment and order denying a new trial affirmed. Attempted appeal from other orders dismissed.

Barnard, P. J., and Mussell, J., concurred.