[Crim. No. 1184. Fourth Dist. June 18, 1958.]

THE PEOPLE, Respondent, v. BERTROUS WASHINGTON, Appellant.

Joseph Seymour for Appellant.

Edmund G. Brown, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

GRIFFIN, Acting P. J.--In an indictment defendant-appellant was accused in count one of transporting a narcotic (heroin) on August 18, 1957; in count two with its sale; and in count three with the sale of marijuana on September 11, 1957, in violation of section 11500 of the Health and Safety Code. A trial by jury was waived. The court found defendant guilty on counts two and three and dismissed the first count. A motion for new trial was denied and defendant was committed to state's prison, sentences to run concurrently on each count. Thereafter, the court denied defendant's motion to vacate the judgment.

■ The principal contention of defendant on appeal is that the crimes of which he was convicted were the result of entrapment by police officers. Generally, the evidence shows one Earl Smith was a police officer for the city of Riverside, working as an undercover operator on a narcotics assignment. He observed defendant, while parked in a car in front of defendant's home on August 18, 1957, about 5 p. m. One Whitmore, an informant working with him, went into defendant's house. Later that night, defendant came to informant's home. Inside of the house defendant sold them a bindle of heroin and Smith paid $30 for it. Defendant then drove away. Later, on September 11th, defendant, in front of his home, sold Whitmore, in Smith's presence, a package containing four marijuana cigarettes. He gave defendant $2.00 which he had obtained from Smith. The contents of this package and the bindle proved to be marijuana and heroin respectively. Defendant told Smith it was difficult to obtain heroin; that he had been to the city to locate some; and he believed this was of good quality.

Defendant testified he met Whitmore in June and then later in July he tried to sell defendant an automobile (1949 Ford) and he agreed to buy it from Whitmore, but after driving it three weeks turned it back to him; that Whitmore came to his home on August 13th with Officer Smith and asked defendant to go riding in Whitmore's new car; that he did so and Smith went along; that Whitmore produced some marijuana cigarettes and the three of them smoked them; that Whitmore told defendant that Smith was a friend of his and that Whitmore asked defendant if he could obtain some heroin; that Whitmore said he knew where he could obtain it but not being colored like defendant he would have difficulty in buying it and if he did buy it for him he would, in turn, obtain some marijuana for defendant; that the next day Whitmore

came by defendant's home and asked if they could go to Los Angeles; that they did so and Whitmore there pointed out a colored person and suggested he could obtain heroin from him but he was unable to do so; that they returned to Riverside the following day; that on the 18th of August, Whitmore contacted defendant again and defendant went to Los Angeles alone, talked to this same colored person, bought some heroin for $20 and brought it back with him, took it to Whitmore's home and that Whitmore gave him marijuana in exchange for it; that he left the marijuana at his home and about September 11th Whitmore and Smith came to his house and wanted to know if he had any marijuana cigarettes left because he and Smith were going to a "pot" (marijuana) party, so he gave them some but no money was paid to him for them; that it was Smith's and Whitmore's idea that he obtain heroin so he could exchange it for marijuana; that he had smoked marijuana and it was difficult for him to obtain; that Whitmore had previously told defendant he had been arrested in Riverside for selling narcotics and he had "beat it."

Smith denied ever being with defendant in an automobile or participating in such an arrangement with defendant. Whitmore did not testify at the trial. Apparently the trial court believed the testimony of the officer and disbelieved that of the defendant. The trial court's conclusion that defendant was not induced to commit the crime by the officer and was not a victim of entrapment was fully justified. (*People* v. *Schwartz,* 109 Cal.App.2d 450 [240 P.2d 1024]; *People* v. *Lindsey,* 91 Cal.App.2d 914 [205 P.2d 1114]; *People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521].)

The motion for new trial was properly denied. Defendant attempts here to review the sufficiency of the evidence taken before the grand jury to support the charges in the indictment. A similar attack was made in the trial court by motion to set aside the indictment. The motion was denied and no subsequent writ of prohibition was sought testing that ruling under section 999a of the Penal Code. Even if this ruling could be properly reviewable on appeal from the judgment, the evidence was sufficient and no conclusive proof of entrapment was shown. (*People* v. *Hernandez,* 150 Cal.App.2d 398, 402 [309 P.2d 969].) All points attempted to be raised by a subsequent motion to set aside the judgment have been considered on appeal from the judgment and order denying the motion for a new trial. The attempted appeal from this order is dismissed. (*People* v. *Palmer,* 49 Cal.App.2d 579 [122

P.2d 114] ; *People* v. *Brattingham,* 91 Cal.App. 527 [267 P. 120] ; 3 Cal.Jur.2d p. 544, § 94.)

Judgment and order denying a new trial affirmed.

Mussell, J., and McCabe, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.