[Crim. No. 7048.   Second Dist., Div. Two.   Aug. 16, 1960.]

THE PEOPLE, Respondent, v. RICHARD BOYCE, Appellant.

Richard Boyce, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David Cadwell, Deputy Attorney General, for Respondent.

RICHARDS, J. pro tem.*—Convicted of two counts of violating Health and Safety Code, section 11500: (1) sale of heroin, (2) possession of heroin and a prior conviction of a violation of the same section having been found true, defendant appeals from the judgment.

Police officers arranged with one Simms to buy three capsules of heroin. They gave him $9.00 in currency, noting the serial numbers, having previously searched him and found nothing resembling narcotics on him. Simms proceeded to the residence of one Holmes and the officers waited at a prearranged meeting place. Shortly thereafter Simms arrived and handed the officers two capsules, later identified as containing heroin. The officers then proceeded to the residence of Holmes and placed him under arrest. They found in his house another capsule of heroin. Holmes was searched and when the $9.00 in currency was not found on his person or in the house, the officers told him they would have to take his wife to the station to be searched. Holmes then told the officers he would get the $9.00 and that it was over on the next street. Holmes then led the officers to the house where defendant was staying, having told the officers that he (Holmes) had given the $9.00 which Simms gave him to defendant in return for three capsules of heroin, and that the capsule found in his house was the third capsule which Simms had paid for. Without either a warrant for arrest or a search warrant, the officers entered the house

---

*Assigned by Chairman of Judicial Council.

which Holmes had pointed out and arrested defendant. They searched him and found on his person the $9.00 in currency which had been given to Simms. A search of the premises disclosed more capsules containing heroin and a small sack of marihuana.

After recovery of these items, defendant stated to one officer that it looked like they had "got me good." Upon being asked if he was dealing in narcotics, the defendant answered in the affirmative. At a later conversation, defendant stated the house in which he was arrested was his girl friend's; that he had a key to it; that he would "come and go" and that he stayed there overnight. Defendant also stated that the heroin capsules found there belonged to him.

Defendant's principal contention on appeal is that there was an illegal search and seizure of the narcotics admitted in evidence over his objection.

This contention can have no relation to the conviction of a sale of heroin under the first count for the two heroin capsules there involved were in the possession of the officers before entry into the house, independent of any search and seizure therein or of the person of defendant.

As to the narcotics admitted in evidence in proof of the charge of possession under the second count, the basic question is whether they were obtained through a reasonable search incident to a lawful arrest. A police officer may make an arrest without a warrant when he has probable cause to believe that the person to be arrested has committed a felony. (Pen. Code, § 836.) ■ Police officers may make a search incident to a lawful arrest without obtaining a search warrant. (*People v. Winston*, 46 Cal.2d 151, 162 [293 P.2d 40].) No felony having been committed in the officer's presence, the question then is whether, under all the circumstances, it was reasonable to believe that a felony had been committed and that defendant had committed it.

■ The posture of defendant's arrest consists of the following sequence of continuing and connected events, all occurring in a fraction of a day: The officers send Simms, having no narcotics on his person, out to make a narcotics buy, giving him identifiable money. Simms returns minus the money, with narcotics, and tells the officers where they had been purchased. The officers proceed to that place, arrest the occupant Holmes, find additional similar capsulized narcotics but not the money. Holmes tells the officers he had taken the money to a named address where he contacted defendant and

made a buy from defendant of the narcotics purchased by Simms from Holmes as well as the similar narcotic found in Holmes' residence and leads the officers to the house at that address in which defendant was an occupant. The officers enter the house and arrest the defendant, the only male occupant, and thereafter search the premises and find the narcotic which is the subject of count two.

Holmes was an arrestee for the sale and possession of narcotics when he informed the officers that he in turn had purchased the narcotics from defendant. Holmes had not previously given reliable information to the police nor had any previous arrests been made on information given by him. Hence, his statement standing alone would not establish probable cause for the arrest of defendant. ▮ However, if the evidence of surrounding circumstances as revealed to the officers from their own investigation is sufficient to justify the conclusion of reasonable reliance on the information supplied by an informant of unestablished reliability, reasonable cause to make the arrest is established. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 294-296 [294 P.2d 36].) ▮ Here the officers knew that Simms had given Holmes $9.00 in identifiable currency to purchase three capsules of heroin. They knew that Holmes had taken the $9.00 and had given Simms two capsules and they found a third capsule in Holmes' possession. However, they discovered by their search that the currency was not in Holmes' possession. Holmes stated that the money was in defendant's possession because he had bought the heroin from defendant and led the officers to the place where defendant was staying. ▮ The established rule is that to constitute probable or reasonable cause that will justify an arrest without a warrant, there must be such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain, a strong suspicion that the person arrested is guilty. ▮ Under the facts of this case, we are of the opinion that the officer had reasonable cause to believe that defendant had sold heroin to Holmes. Therefore, the heroin found in defendant's possession as a result of a search incident to his lawful arrest without a warrant was not obtained by an illegal search and seizure.

▮ Defendant also contends that a police officer committed deliberate perjury and that the prosecution knowingly made use of this perjured testimony. There is nothing in the entire record, which we have carefully read, to substantiate this charge. ▮ Assignments of error not shown by the

record and supported only by statements in appellant's brief will not be considered. (*People* v. *Boyden,* 181 Cal.App.2d 48, 55 [4 Cal.Rptr. 869]; *People* v. *Hernandez,* 150 Cal. App.2d 398, 402 [309 P.2d 969].)

Defendant asserts insufficiency of the evidence. The evidence of the facts previously set forth, substantiated by defendant's admission, was clearly sufficient to support the judgment.

Defendant's final contention that the information upon which he was arraigned was prematurely dated and filed finds no support in the record and is without merit.

Judgment affirmed.

Fox, P. J., and Ashburn, J., concurred.