[Crim. No. 8342.   Second Dist., Div. Four.   Dec. 10, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HUMBERTO HERNANDEZ ESTANY, Defendant and Appellant.

Harry Weiss and Burton Marks for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Louis L. Selby, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with a violation of section 11500 of the Health and Safety Code, possession of marijuana. Defendant entered a plea of not

guilty. Trial was by the court, trial by jury having been duly waived by defendant personally and all counsel. Pursuant to stipulation of defendant and all counsel, the cause was submitted to the court on the testimony contained in the transcript of the proceedings had at the preliminary hearing and the evidence adduced at that hearing. The judge indicated for the record that he had read and considered the evidence produced at the preliminary hearing. No additional evidence was offered and the matter was submitted to the court for decision. Defendant was found guilty as charged, and a probation report was ordered. Probation was denied and defendant sentenced to state prison for the term prescribed by law.

On November 11, 1961, Donald R. Brewer, an agent of the State Bureau of Narcotic Enforcement, assisted by three other law enforcement officers, staked out at 446 West 93rd Street where, according to information received by them, defendant resided and was in possession of marijuana. That afternoon they observed defendant come down the stairs of that address and walk along the driveway toward the street. It was observed that defendant was carrying a folded newspaper. As Agent Brewer approached, defendant apparently observed him and began to walk in a rapid manner toward the rear of the premises. Agent Brewer identified himself as a law enforcement officer and apprehended defendant. Brewer asked, "What do you have there, marijuana?" Defendant responded by handing him the folded newspaper which covered three small paper sacks. Brewer inspected the sacks which were found to contain a green, leafy material resembling marijuana. He asked defendant if this was his marijuana, and defendant replied, "Yes, that is my marijuana." He was asked where he obtained it, and he answered that he had it all along—that he bought it in the market. He was then asked if he had been selling marijuana to which he replied, "No, I just smoke it."

Agent Brewer took defendant upstairs to his apartment and knocked at the door. Henry Perez opened the door and identified himself as defendant's roommate. He was advised that defendant was under arrest, and Agent Brewer asked if he could come in and look around. Perez opened the door, and Agent Brewer entered with defendant. Agent Brewer examined a suitcase which was found to contain some debris of a leafy material. Defendant admitted that the suitcase belonged to him.

Agent Brewer testified that all statements made to him by

defendant at the time of arrest were free and voluntary. A forensic chemist testified that the green leafy substance contained in the three paper sacks as well as the debris found in the suitcase were, in his opinion, marijuana.

Defendant's sole contention on appeal is that he was denied due process of law in that the evidence upon which he was convicted was presented in a language that defendant could not understand in the absence of an interpreter. Defendant states in his appeal brief that he cannot understand or speak English. He contends that the testimony given in English at the preliminary hearing violated his right to be confronted by the witness against him.

It is unnecessary for us to discuss the nature of a defendant's right to have testimony interpreted to him (see 140 A.L.R. 766) since in the case before us it is not shown that defendant could not understand the testimony given in English without the aid of an interpreter. ██ The question of the necessity of an interpreter, as distinguished from the question of whether one should be appointed when the necessity is clear, is a matter for judicial determination over which the trial court is permitted to exercise its discretion. (*People v. Holtzclaw*, 76 Cal.App. 168 [243 P. 894]; *In re Steve*, 73 Cal.App.2d 697, 714 [167 P.2d 243].)

While defendant states that he cannot understand or speak English, the record indicates that he has some substantial understanding of the language. The arresting officer testified that defendant made intelligent responses in the English language to questions which were asked in English. ██ Defendant was represented by counsel at the preliminary hearing, but neither he nor his counsel requested an interpreter, or objected that the proceedings were being conducted without an interpreter. The magistrate at the preliminary hearing did not err by failing to find the necessity for an interpreter under such circumstances.

██ At the trial an interpreter was sworn to assist in the proceedings. The record does not disclose whether the appointment was made on the initiative of the trial court or was requested by defendant. Defendant argues on the basis of the holding in *People* v. *Hernandez*, 150 Cal.App.2d 398 [309 P.2d 969], that this subsequent appointment of an interpreter shows that an interpreter was necessary at the previous preliminary hearing. The *Hernandez* case, *supra*, affirmed a finding that an interpreter was necessary, holding that when it was shown that an interpreter was used in a few instances in the proceed-

ing before the grand jury, the appellate court would have to assume, in the absence of any other showing, that an interpreter had been necessary. This holding has no application to the case at bar. There was evidence before the magistrate that defendant could in fact understand and speak English.

Furthermore, it was at the trial after an interpreter had been sworn that defendant through his counsel stipulated that the matter be submitted on the transcript of the preliminary hearing. This was done after counsel had full opportunity to review the transcript and go over it with defendant, which we must assume he did in the discharge of his responsibilities as counsel. That the right to any further confrontation of witnesses may be waived there is no doubt. (*People* v. *Dessauer,* 38 Cal.2d 547 [241 P.2d 238].)

Judgment of conviction affirmed.

Burke, P. J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.