[Crim. No. 8172.  Second Dist., Div. Four.  Feb. 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DORIS E. ALLEN, Defendant and Appellant.

Gladys Towles Root and Eugene McPherson for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with a violation of Penal Code, section 470, forgery, in six counts.

Defendant was represented by counsel and pleaded not guilty to each count. The jury returned a verdict of guilty on counts I, II, III, V, and VI, and not guilty on count IV. Defendant's motion for a new trial was denied. Proceedings were suspended and probation granted for a period of three years on each count to run concurrently. Defendant appeals from the judgment of conviction and from the order denying motion for a new trial.

Donn E. Mire, an examiner of questioned documents, testified that he examined the checks and money orders which were the subject matter of the various counts, and certain exemplars of handwriting and that in his opinion the handwriting thereon was all written by the same person. Certain of the endorsements were admittedly written by defendant. Other portions defendant denied writing. With respect to one of such items the witness from Taffy's store testified defendant wrote out the check and signed it "Jennifer L. Larsen" in her presence.

Defendant testified in her own behalf. She denied writing any of the checks and denied that any of the handwriting on the checks was hers excepting certain endorsements. She denied ever using the name "Jennifer L. Larsen." Several alibi witnesses were called in her behalf.

Officer Wells of Los Angeles Police Department testified he had a conversation with defendant about April 11, 1961; that her statements were freely and voluntarily made. He showed defendant a cashier's check for $528 and asked if she had

seen it before. Defendant admitted she had cashed this check. He asked her how she had obtained it and she stated she had received it in payment of a coin collection which she sold for $250; she gave the woman purchaser the difference between $250 and the amount of the check in cash. The check was made out to "Helen M. Lees" and the purchaser told her since the name was similar to her daughter's she could get it cashed without difficulty. She denied to the officer she had ever used the name "Jennifer Larsen." She denied she had been at Taffy's.

In a later conversation with the officer, defendant stated she had sold the coin collection for $425 and had given the woman the balance in cash. Defendant stated she had written both endorsements "Helen M. Lees" and "Doris Allen"; that she took the check to the bank and cashed it.

Defendant contends there was insufficient substantial evidence to support the verdict. This contention is without merit. "The crime of forgery consists either in the false making or alteration of a document without authority or the uttering (making use) of such a document with intent to defraud. [Citation.] ... [T]he test is whether upon its face it will have the effect of defrauding one who acts upon it as genuine." (*People* v. *McKenna*, 11 Cal.2d 327, 332 [79 P.2d 1065].)

Presenting a forged check for payment constitutes an uttering. (*People* v. *Ruiz*, 103 Cal.App.2d 146, 149 [229 P.2d 73].)

"In considering the sufficiency of the evidence to support a verdict, the appellate court determines only whether there is any substantial evidence in the record, either direct or circumstantial, contradicted or uncontradicted, which justifies the conclusion reached. [Citations.]" (*People* v. *Foster*, 195 Cal.App.2d 651, 653 [15 Cal.Rptr. 891].)

As to counts I and II, defendant was positively identified as the party who uttered the two forged checks.

The fictitious name "Jennifer L. Larsen" was used by defendant on the check in count III. While defendant was not identified as the person who presented this check, the handwriting expert identified the writing on the face and reverse side of this check as being that of defendant.

On count V defendant was identified as the person who wrote and passed the check.

On count VI defendant was identified as the person who presented the check and here again the handwriting expert

identified the handwriting as that of defendant. ▮ "The minimum elements required to be proved in a charge of forging an instrument are the actual making of the false writing and the intent to defraud. [Citations.]" (*People* v. *Luizzi,* 187 Cal.App.2d 639, 645 [9 Cal.Rptr. 842].) In the *Luizzi* case, two handwriting experts established the endorsements on the reverse side of each check as being in the handwriting of defendant. "[F]rom this and other evidence the jury had a right to infer that defendant intended to defraud someone. [Citations.] Moreover, direct and circumstantial evidence supporting the conclusion that defendant presented the checks with their forged endorsements receiving therefor goods and cash, is an added circumstance for the consideration of the jury. [Citation.]" (*People* v. *Luizzi, supra,* 187 Cal.App.2d 639, 645.)

▮ A review of the evidence shows the checks in question here were not genuine, but in fact forged. In addition to proof that defendant wrote the endorsements on the reverse side of some of the checks, she was positively identified by some witnesses as the person who presented the checks for cashing. ▮ "To constitute forgery by uttering the checks in question, the evidence must show that they were in fact forged, that defendant presented them as true and genuine instruments, and that he knew them to be forged at the time he presented them and passed the same with intent to defraud. [Citations.]" (*People* v. *Luizzi, supra,* 187 Cal.App.2d 639, 647.)

▮ Defendant next contends the testimony of the expert was inadmissible and that the trial court erred in denying a motion to strike it because the expert gave no reasons for his opinion. This contention is without merit. The court found him to be a qualified expert as an examiner of questioned documents. He gave his opinion based upon his examination and observation of the checks and handwriting exemplars which he examined. This is sufficient. He did in fact state reasons for his opinion. ▮ However, as was said by the court in *Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com.,* 29 Cal.2d 492, 500 [175 P.2d 823] : "The failure . . . to state the reason for the expert opinion does not strip it of probative value to the point where it is not substantial evidence supporting the decision. . . . It goes to the weight of such evidence. . . . Petitioners had the right to cross-examine the witnesses if they saw fit. . . . [Citations.]"

Defendant next contends the trial judge erred in instruct-

ing the jury on opinion evidence. A review of the record on appeal discloses that the instructions given and refused were not included in the record on appeal. The general rule is that instructions by the court, not a part of the record on appeal, may not be considered. (*People* v. *Casado,* 181 Cal. App.2d 4, 8 [4 Cal.Rptr. 851]; *People* v. *Hernandez,* 150 Cal. App.2d 398, 402 [309 P.2d 969].) However, on our own motion we have augmented the record to include all of these instructions and have reviewed them.

The court properly instructed the jury[1] that they "may consider the opinion [of a duly qualified expert] with the reasons stated therefor, if any, . . . [that] the jury is not bound to accept the opinion of any expert as conclusive, but should give it the weight to which they shall find it to be entitled. The jury may, however, disregard any such opinion, if it should be found by them to be unreasonable."

Defendant offered an instruction, which was rejected, which would have added the following language to the standard instruction given by the court: ". . . or, if it [the opinion of the expert] is not based upon substantial reasons, or there are circumstances justifying a determination that it has no probative value . . . (*People* v. *Long,* 15 Cal.2d 590, 607 [103 P.2d 969].)"

Defendant asserts the added phrase was necessary because of the "failure" of the expert to state reasons to support his opinion. Reasons were stated by the expert and defendant was permitted broad latitude in cross-examining the expert. The proffered added language was unnecessary and it was within the discretion of the court to reject it.

Finally, defendant contends the expert made a mistake in basing his opinion in part upon the writing which appeared on the check given at Taffy's because defendant had denied writing any part of that check; to use such a disputed writing as an exemplar of defendant's writing was error, defendant asserts.

It must be recalled that a witness testified defendant wrote out this check and signed it with a fictitious name in her presence. Thus, the objection goes to the weight of the testimony and not to its admissibility.

It is not necessary to the propriety of a hypothetical question asked of a expert, for example, that the facts assumed be undisputed (*Treadwell* v. *Nickel,* 194 Cal. 243, 267 [228

[1]CALJIC No. 56. Pen. Code, § 1127b.

P. 25]; *Guardianship of Jacobson*, 30 Cal.2d 312, 324 [182 P.2d 537]).

The purported appeal from the order denying defendant's motion for a new trial is dismissed. The judgment of conviction is affirmed.

Burke, P. J., and Bishop, J. pro tem.*, concurred.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.