993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert ANDRISANI, Plaintiff-Appellant,
v.
Malcolm LUCAS, Chief Justice; Stanley Mosk, Associate
Justice; Allen Broussard, Associate Justice; Edward
Panelli, Associate Justice; John A. Arguelles, Associate
Justice, et al., Defendants-Appellees.
 No. 92-56534.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Andrisani appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim in Andrisani's 42 U.S.C. § 1983 action against the justices of the California Supreme Court and various judges of the state's municipal, superior, and appellate courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Judges are absolutely immune from civil damage liability unless they act in absence of all jurisdiction or perform acts that are not judicial in nature. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Here, Andrisani's complaint appears to allege, for the most part, that state court judges erred by prohibiting relevant evidence and testimony from being admitted in Andrisani's unlawful detainer action. Because, however, the acts that Andrisani complains of were judicial in nature, judicial immunity bars his claim. See id. Accordingly, the district court did not err by dismissing Andrisani's action. See id.
 
 
 4
 The defendants request an award of attorney's fees against Andrisani as a sanction for filing this appeal. We may impose damages as a sanction for filing a frivolous appeal. See Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Id. Moreover, under 42 U.S.C. § 1988, a prevailing defendant is entitled to an award of fees where the plaintiff's action was "vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).
 
 
 5
 Here, Andrisani's brief on appeal raises arguments that have been previously litigated and rejected numerous times. In light of these frivolous arguments and Andrisani's prior record of proceedings,[1] we find an award of sanctions to be appropriate in this case. See id. Accordingly, we award defendants $2,000 on appeal.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Andrisani has been deemed a vexatious litigant in state court as a result of his numerous filings in relation to his unlawful detainer action. See First Western Dev. Corp. v. Superior Court, 212 Cal.App.2d 860, 261 Cal.Rptr. 116 (1989). He also has filed two other federal appeals both of which apparently involve the state court unlawful detainer proceedings
 
 
 [2]
 We deny the defendants' request that Andrisani be required to post a bond or get court permission prior to filing another action in federal court