Filed 11/9/15  In re Juan M. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re JUAN M., et al., Persons Coming Under the Juvenile Court Law. | B262333 |
| | (Los Angeles County Super. Ct. No. DK07711) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| JUAN M., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Marguerite Downing, Judge.  Affirmed.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Aileen Wong, Deputy County Counsel for Plaintiff and Respondent.

_____

Juan M., Jr. appeals the dispositional order of the juvenile court granting him monitored visitation with his four dependent children. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Juan M. III, Brandy M., Hazel M., and D.M. came to the attention of the Department of Children and Family Services in June 2014, after their mother Nancy M. reported to the police that their father Juan M., Jr. had been violent on multiple occasions.

On June 17, 2014, Nancy M. reported to the police that on June 15, an angry Juan M., Jr. had confronted her over her instructions to their children. He pushed a glass of water out of her hand. She told him she wanted a divorce. Juan M., Jr. followed Nancy M. as she walked away and pushed her into the bedroom, then down to the floor. He placed a pillow over her head and upper back, then punched her through it to avoid visible bruises. After Juan M., Jr. let Nancy M. go, she sought her mother-in-law's help, but he grabbed her again. Her mother-in-law and the children heard the altercation and attempted to prevent Juan M., Jr. from hitting Nancy M., but he pushed them away and locked the bedroom door. Juan M., Jr. then pushed Nancy M. down on the bed and placed a pillow over her face. Nancy M. struggled but could not free herself. Juan M., Jr. asked her, "Do you want to live, bitch?" Nancy M. said yes, and he replied, "Then shut the fuck up!" After the attack ended, Nancy M. hid a knife in the bedroom so that she could protect herself if necessary. Nancy M. told the police that Juan M., Jr. had threatened to kill her and her family before. He had also hit her, pushed her, and thrown things at her in the past. The police took photographs of Nancy M.'s injuries, which included a bruise on her right shoulder blade, an abrasion on her left shoulder blade, scratches on her back, red marks on her face, and a scratch and swelling on the right side of her head.

Nancy M. obtained a temporary restraining order against Juan M., Jr. In her declaration in support of the restraining order request, Nancy M. related the incident on June 15 and also stated that on June 16, she had fled the family home. Juan M., Jr.

2

telephoned Nancy M. multiple times telling her to come home. When she refused, Juan M., Jr. threatened to kill her and her family.

Nancy M. stated that throughout their relationship Juan M., Jr. had slapped her, pushed her, and thrown things at her. Incidents had occurred in front of the children. He had kicked her out of the house twice, telling her, "You want to be a whore, so go outside and be a whore." When she was pregnant with their second child, Juan M., Jr. threw Nancy M. on the floor and attempted to kick her. Nancy M. curled into a fetal position to protect her unborn child, and Juan M., Jr. struck the bed instead, breaking it. Nancy M. also declared that Juan M., Jr. had threatened that he could have her brother killed just by making a single phone call, and that he would kill her whole family before killing her. She stated that she feared that Juan M., Jr., would hurt or kill her and her family.

Juan M., Jr. was arrested on June 28, 2014. He admitted to the police that he had violated the restraining order. He denied committing domestic violence but admitted that he had knocked a glass out of Nancy M.'s hand.

Shortly after Juan M., Jr.'s arrest, Nancy M. recanted her allegations. Other family members and the children who were old enough to give a statement denied abuse. The police concluded that the couple had reunited and advised DCFS that victims of domestic violence commonly recanted their allegations.

Despite Nancy M.'s recantation, a criminal case was filed against Juan M., Jr., and a criminal protective order was issued requiring him to stay away from the family. DCFS filed a petition alleging that the four children came within the jurisdiction of the juvenile court under Welfare and Institutions Code section 300, subdivisions (a) [serious physical harm] and (b) [failure to protect]. In October 2014 the court detained the children from their father and released them to their mother.

DCFS interviewed Nancy M. before the jurisdictional hearing. She admitted that Juan M., Jr. had knocked a glass out of her hand but otherwise denied all her prior allegations of abuse. She stated that she made her allegations to facilitate obtaining custody of the children in a divorce and that she had since attempted to have the criminal

3

protective order lifted. She offered alternative explanations for a number of the injuries that were observed and photographed by the police.

DCFS concluded that "despite the mother's denial of abuse by father, she did in fact disclose she was physically assaulted by the father on more than one occasion to probate court and law enforcement, that she feared the father would kill her and her family[,] and that she sustained injuries as a result of the alleged abuse by father. In addition, law enforcement observed, photographed and documented injuries on the mother at the time the restraining order was issued as well, which leads DCFS to believe domestic violence does exist between the parents." DCFS did not recommend visitation for Juan M., Jr., who had voluntarily begun a domestic violence program and had taken a parenting course without being ordered to do so by the court.

In November 2014, the juvenile court acknowledged the criminal protective order but nonetheless permitted Juan M., Jr. visitation with the children in a neutral setting monitored by a DCFS-approved monitor. Also in November 2014, the criminal protective order was modified to allow Juan M., Jr. to have peaceful contact with Nancy M. for the purpose of exchanging the children.

In January 2015, the juvenile court held the contested jurisdictional hearing, sustained the allegations of the petition, and found the children to be dependent children of the court. The court explained that it sustained the allegations of the petition because there had been multiple incidents of domestic violence. Nancy M.'s injuries, the court observed, were documented, and the "photos . . . have not been properly explained." The court characterized Nancy M.'s recantation as "tex[t]book" domestic violence. The court found the violence in the home, although it might not have been witnessed by the children, nonetheless placed the children at risk. The court left the children in the physical custody of Nancy M., concluded that Juan M., Jr. posed a safety risk to the children, and ordered various services for the parents. The court ordered monitored visitation for Juan M., Jr., at a neutral location, monitored by someone other than Nancy M., but gave DCFS discretion to liberalize visitation or to permit him to return to the family home. Juan M., Jr. appeals.

4

**DISCUSSION**

Juan M., Jr., does not challenge the jurisdictional findings of the juvenile court, only the court's dispositional order that his visitation be monitored. Through its briefing and additional motions, DCFS has advised this court that after the filing of the appeal DCFS liberalized Juan M., Jr.'s visitation and now permits him unmonitored day visits with the children. DCFS argues that the visitation order challenged by Juan M., Jr., has been mooted by these subsequent events, and has filed both a motion to dismiss the appeal and a motion requesting this court to take post-judgment evidence concerning visitation pursuant to California Rules of Court, rule 8.252 and Code of Civil Procedure section 909.

Juan M., Jr., argues that the liberalization of visitation by DCFS does not moot his appeal because he is entitled to a judicial order extending him unmonitored visitation. He acknowledges that it appears that his visitation has been liberalized to unmonitored daytime visitation, but correctly notes that this may be revoked by DCFS. He argues that the only true relief from the court's erroneous order denying him unmonitored visitation is a reversal of the underlying order. We agree that DCFS's discretionary relaxation of the monitoring requirement does not moot the appeal. This is not an instance in which "no effective relief can be granted" due to subsequent events. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.) We deny DCFS's motions to dismiss and to take post-judgment evidence, and we consider the appeal on its merits.

We review the court's visitation order under an abuse of discretion standard (*In re Brittany C.* (2011) 191 Cal.App.4th 1343, 1356) and find no abuse of discretion. The juvenile court received evidence that Juan M., Jr. had slapped Nancy M., pushed her, punched her, and thrown things at her. He had threatened to kill her and her family. After one incident Nancy M.'s sustained visible injuries that were documented by the police. Juan M., Jr., moreover, had knowingly violated the restraining order on one occasion. Although there was evidence of recantation, subsequent compliance with the restraining order, and voluntary participation in services, the court's conclusion on the

5

totality of the evidence that Juan M., Jr. posed a safety risk to his children was not arbitrary, capricious, or patently absurd.  (See *In re Raymundo B.* (1988) 203 Cal.App.3d 1447, 1456 [court exceeds the limits of its discretion if it makes an arbitrary, capricious, or patently absurd determination].)  The juvenile court did not abuse its discretion in ordering monitored visitation.

## DISPOSITION

The judgment is affirmed.


ZELON, Acting P. J.

We concur:


SEGAL, J.


BECKLOFF, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.